UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

Application of

CRYSTALLEX INTERNATIONAL CORPORATION,

                  Petitioner,

For a Judgment Pursuant to Federal Rule of Civil Procedure 69, and CPLR 5225(b) and 5227, to Compel Payment of Money and Delivery of Property

                  v.

THE BANK OF NEW YORK MELLON,

                  Respondent.

------------------------------------- x

Case No. _____

**PETITION FOR TURNOVER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 69 AND CPLR 5225(b) AND 5227**

      1.      Petitioner and Judgment Creditor Crystallex International Corporation ("Petitioner" or "Crystallex") now requests, pursuant to Federal Rule of Civil Procedure 69, and CPLR 5225(b) and 5227, that property and debts belonging to Judgment Debtor the Bolivarian Republic of Venezuela ("Judgment Debtor" or "Venezuela"), in the possession of Respondent Bank of New York Mellon ("Respondent" or "BNYM"), including, but not limited to, the millions of dollars held in Trust Account Number XXXX4314 (the "Account"),[1] be turned over to Crystallex in partial satisfaction of its outstanding judgment against Venezuela, to perfect the levy imposed on Respondent BNYM by the writ of execution served upon it on August 7, 2017.

---

[1] The full number for the Account has been redacted consistent with the provisions of Rule 5.2 of the Federal Rules of Civil Procedure. The balance in the Account is referred to generally in order to avoid any confidentiality concerns that might arise. Crystallex can and will provide more detailed account information, including its recent balance, should it be so directed by the Court.

**PETITIONER & RESPONDENT**

2. Petitioner and Judgment Creditor Crystallex is a Canadian corporation with its principal place of business at 8 King Street East, Suite 1201, Toronto, Ontario M5C 1B5 Canada.

3. Respondent BNYM is a Delaware corporation registered with the New York Secretary of State as an active foreign corporation doing business in New York, with a principal place of business at 1 Wall Street, New York, New York 10286.

**JUDGMENT DEBTOR**

4. Judgment Debtor Venezuela is a foreign state within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1332, 1391(f), 1441(d), and 1602-11.

**THE LITIGATION LEADING TO PETITIONER'S JUDGMENT**

5. In early 2011, Venezuela unlawfully expropriated Crystallex's exclusive rights in Las Cristinas, an extremely valuable gold reserve in Venezuela. Ex. 1 ¶¶ 718, 878. To recover the hundreds of millions of dollars it had invested in developing Las Cristinas and the surrounding areas before the expropriation, Crystallex commenced an arbitration against Venezuela in Washington, D.C. pursuant to a bilateral investment treaty between Canada and Venezuela. Exs. 1, 2. In April 2016, Crystallex obtained a $1.2 billion award—plus pre-award interest of approximately $200 million as of the date of the award—against Venezuela from the arbitration tribunal. Ex. 1 ¶ 961. Crystallex immediately sought confirmation of that award in an action styled *Crystallex International Corporation v. Bolivarian Republic of Venezuela*, No. 16-cv-00661, before Judge Rudolph Contreras in the United States District Court for the District of Columbia (the "D.C. Court"). Ex. 3. Venezuela appeared in that action and challenged the award. *Id*.

6. On March 25, 2017, the D.C. Court issued a decision on the merits confirming the arbitral award against Venezuela, rejecting Venezuela's challenges to the award, and directing

entry of judgment in Petitioner Crystallex's favor, and against Judgment Debtor Venezuela, in the amount of $1.202 billion, plus pre-award interest from April 13, 2008 to April 4, 2016 at a rate of the 6-month average U.S. Dollar LIBOR plus 1%, compounded annually (the "Judgment"). Exs. 3, 4.  The Judgment was entered against Venezuela on April 7, 2017.  Ex. 4. The entirety of the Judgment remains unpaid.

7. Judgment Debtor Venezuela has never made any efforts to pay the Judgment. Because Judgment Debtor Venezuela is a foreign sovereign, Petitioner Crystallex moved the D.C. Court for relief pursuant to the FSIA, 28 U.S.C. § 1610(c), and 28 U.S.C. § 1963, asking the D.C. Court to determine that a reasonable period of time had elapsed since entry of the Judgment such that Crystallex could seek to attach Venezuela's assets to aid in execution of the Judgment and to permit Crystallex to register the Judgment in other judicial districts of the United States.  Ex. 5.  The D.C. Court granted Crystallex's motion in full on June 9, 2017.[2] *Id*. at 5.

8. Petitioner Crystallex registered the Judgment in New York on or about June 15, 2017.  Ex. 6.

**THE WRIT OF EXECUTION AND INFORMATION SUBPOENA TO RESPONDENT**

9. In furtherance of its efforts to enforce the Judgment, Crystallex applied *ex parte* to this Court for authorization to proceed by writ of execution against property of Judgment Debtor Venezuela at Respondent BNYM (the "Writ").  *Id*.

10. The Writ sought execution of the Judgment against property of Venezuela, including monies deposited at BNYM, allegedly in connection with a December 1997 contract

---

[2] On August 8, 2017, the D.C. Court denied Venezuela's application to stay execution of the Judgment pending appeal without posting a supersedeas bond.

3

between the Ministry of Defense of the Republic of Venezuela ("Defense Ministry") and Ingalls Shipbuilding, Inc. (now known as Huntington Ingalls Industries) ("Huntington"), pursuant to which Huntington would repair, modernize, and maintain two frigates.  Ex. 8 ¶¶ 9–17.

11.     In June 1997, Venezuela created the Account and funded it using the proceeds of a private placement of bonds issued by the government.  At all times, Venezuela retained control over the funds in the Account, determining when those funds would (or would not) be withdrawn and with the power to close the account without any third-party approvals.  *See* Ex. 7.

12.     A dispute ultimately arose between Huntington and Venezuela, and litigation followed.  On November 8, 2002, the District Court for the Southern District of Mississippi (the "Mississippi Court") issued a preliminary injunction freezing the assets in the Account until resolution of the lawsuit.[3]  Ex. 9.

13.     The dispute between Huntington and Venezuela is in ongoing arbitration, and the Venezuelan assets remain in the Account at BNYM.  Exs. 10, 11, 12.

14.     Huntington has no judgment against Venezuela, no judgment against BNYM, and no lien against Venezuela's assets in the Account.

15.     On July 25, 2017, Judge Valerie E. Caproni of this Court granted Crystallex's *ex parte* application and authorized Crystallex to proceed by the Writ.

---

[3] The assets in that Account are the property of Venezuela.  Such a preliminary injunction would have been unnecessary had Venezuela not retained the power to transfer the funds back to itself or out of the United States.  While it is Crystallex's understanding that Venezuela has not challenged the preliminary injunction on immunity grounds, it is far from clear that the injunction is sustainable, as several Courts of Appeals have found preliminary injunctions of sovereign assets to be inconsistent with the anti-prejudgment attachment provisions of the FSIA.  *See, e.g.*, *S & S Mach. Co. v. Masinexportimport*, 706 F.2d 411 (2d Cir. 1983).

16. On August 7, 2017, the United States Marshals Service effectuated service of the Writ on BNYM.

17. Seeking additional information about the nature and contents of the Account, and the relationship between Respondent BNYM and Judgment Debtor Venezuela, Crystallex served Respondent with an information subpoena on August 7, 2017.

## BASIS FOR TURNOVER

18. Respondent's initial responses to the information subpoena, dated August 14, 2017, reveal property of Judgment Debtor Venezuela in the Account. Ex. 13. BNYM has not disputed that these funds belong to Venezuela.

19. The Account is governed by a document entitled Trust Agreement between the Republic of Venezuela and the Bank of New York, as Trustee, dated as of June 17, 1997 (the "Account Agreement"). Ex. 7.

20. While styled as a "trust agreement," no operative trust is formed by the Account Agreement, as evidenced by the fact that Huntington sought a preliminary injunction in order to prevent Venezuela from transferring funds out of the Account. Indeed, the Account Agreement states that BNYM, as trustee, "will hold all estate, right, title and interest in and to the Trust Funds in the trust ***for the use and benefit of the Republic***," provides Venezuela with a unilateral right to terminate the Account, and expressly disclaims the creation of any rights running to third parties. Ex. 7 at 3 (emphasis added).

21. Respondent has not moved for any relief from the Writ. Pursuant to CPLR 5232, Respondent BNYM was meant to transfer forthwith the property of Judgment Debtor Venezuela in its possession subject to the Writ to the U.S. Marshals Service, and execute any document necessary to effect such a transfer. BNYM has not done so.

22.     Having caused the U.S. Marshals Service to serve BNYM with the Writ on August 7, 2017, Crystallex has a valid and enforceable lien against the assets in the Account (and any other assets of Venezuela in BNYM's possession) through November 5, 2017.  That lien is extended by the filing of this petition.

23.     Petitioner and Judgment Creditor Crystallex has vigilantly sought to secure the assets of Judgment Debtor, and now moves for turnover of the assets of Judgment Debtor in the possession of Respondent BNYM, in partial satisfaction of Crystallex's outstanding judgment against Venezuela.

24.     Pursuant to CPLR 5225(b) and 5227, Petitioner and Judgment Creditor Crystallex shall provide notice of this petition to Judgment Debtor Venezuela.  In addition, Crystallex shall provide notice of this petition to Huntington and on Venezuela's prior counsel in the Mississippi Court action,[4] to ensure they may exercise their rights to intervene in this proceeding pursuant to CPLR 5225(b), 5227, and 5239.[5]

WHEREFORE, pursuant to Rule 69 of the Federal Rules of Civil Procedure, CPLR 5225(b) and 5227, Petitioner Crystallex respectfully requests judgment directing Respondent BNYM to turnover to Petitioner property of and debts owed to Judgment Debtor Venezuela, held, now and through the date of turnover, by Respondent BNYM, in partial satisfaction of Petitioner's outstanding judgment against Venezuela.

---

[4] Venezuela's prior counsel in the Mississippi Court action intervened in that action to assert claims for unpaid legal fees.

[5] Crystallex disputes that either Huntington or Venezuela's prior counsel have rights in the specific property of Venezuela at issue, and certainly no rights that supersede the lien of Petitioner and Judgment Creditor Crystallex created by service of the Writ.  By serving these entities with notice of this proceeding, Crystallex does not waive, and explicitly reserves, any and all rights to contest any interests asserted by any other party as to the property of Judgment Debtor Venezuela at issue in this proceeding.

| | |
|---|---|
| Dated: September 14, 2017<br>New York, New York | **GIBSON, DUNN & CRUTCHER LLP**<br><br>By: */s/ Robert L. Weigel*<br>    Robert L. Weigel<br>    Jason W. Myatt<br><br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166<br>Tel: (212) 351-4000<br>Fax: (212) 351-4035<br>RWeigel@gibsondunn.com<br>JMyatt@gibsondunn.com<br><br>*Attorneys for Petitioner Crystallex*<br>*International Corporation* |