WILMERHALE

Howard M. Shapiro

+1 202 663 6606 (t)
+1 202 663 6363 (f)
howard.shapiro@wilmerhale.com

February 27, 2018

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Crystallex International Corporation v. The Bank of New York Mellon* (Case No. 1:17-cv-07024-VSB)

Dear Judge Broderick:

I write on behalf of our client Huntington Ingalls Incorporated ("Ingalls"), to inform the Court of a key development relevant to this turnover proceeding. As Ingalls previously informed the Court in its letter dated November 14, 2017, *see* Dkt. 25, although Ingalls holds a claim to the funds in the Bolivarian Republic of Venezuela's Trust Account No. XXXX4314 (the "Account") at The Bank of New York Mellon ("BNYM"), Ingalls and Petitioner Crystallex International Corporation ("Crystallex") have settled any disputes between them as to their respective claims against the Account (the "Settlement Agreement"). Accordingly, Ingalls supports Crystallex's request to turn over the funds in the Account to Crystallex in partial satisfaction of Crystallex's judgment against the Bolivarian Republic of Venezuela (the "Republic"). The sole entity opposing Crystallex's turnover petition is the Republic's Ministry of Defense (the "Ministry").

As Ingalls explained in its November 14 letter, Ingalls and the Ministry have long been engaged in litigation and arbitration over the Republic's failure to make payments for the refurbishment of two naval frigates by Ingalls. In light of disputes over Ingalls's work, and the Republic's refusal to pay for that work, in October 2002 Ingalls sought to compel arbitration and collect damages from the Republic in an action filed in the United States District Court for the Southern District of Mississippi (the "Mississippi Action"). Ingalls also obtained a temporary restraining order – which was converted to a preliminary injunction in November 2002 – prohibiting BNYM from transferring, or allowing to be transferred, any funds from the Account for any purpose other than paying Ingalls for its refurbishment of the frigates.

On February 19, 2018, the Arbitral Tribunal adjudicating Ingalls's claims against the Ministry issued a decision that "resolves the dispute between [Ingalls and the Ministry]," Ex. A (Award) ¶ 1717, and that awards Ingalls substantial damages. Most relevant to this proceeding, the Arbitral Tribunal's decision addresses Crystallex's petition seeking turnover of the funds in the Account. *See id.* ¶¶ 1702-14.

WILMERHALE

The Honorable Vernon S. Broderick
February 27, 2018
Page 2

The Ministry had asked the Arbitral Tribunal to prevent Ingalls from taking any action with respect to the Account funds, specifically seeking to bar the implementation of the Settlement Agreement between Ingalls and Crystallex. The Arbitral Tribunal rejected that request. *Id.* ¶¶ 1715. The Arbitral Tribunal did direct Ingalls to move to lift the preliminary injunction entered in the Mississippi Action "after [Ingalls] shall have been paid in full for all amounts to which it is entitled under this Award, or shall have otherwise used or disposed of such amounts or bonds deposited with [BNYM]." *Id.* ¶ 1718. The Arbitral Tribunal added that, apart from that specific order directed toward Ingalls, all other "questions or relief sought ... with respect to the funds deposited under the trust agreement ... must be submitted to a Court of competent jurisdiction, as such matters fall outside the jurisdiction of the Arbitral Tribunal." *Id.* ¶ 1719. This Court is just such a court.

We therefore respectfully submit that the Court should grant Crystallex's turnover petition. The Arbitral Tribunal's sole order with respect to the Account is that Ingalls must lift the preliminary injunction in the Mississippi Action once the award is paid or the Account funds are depleted. Moreover, Ingalls has agreed as part of the Settlement Agreement not to assert any claim to the funds in the Account, and that upon the entry of a turnover order by this Court (and following the expiration of the time to file an appeal of such order or, if such an appeal is taken and bonded or execution otherwise stayed, the resolution of any appeal on the merits of Crystallex's turnover petition), Ingalls will seek the vacatur of the preliminary injunction in the Mississippi Action.

I thank the Court for its consideration.

Respectfully,

/s/ Howard M. Shapiro

Howard M. Shapiro
*Counsel for Huntington Ingalls Incorporated*