Broderick, V

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Application of                                                     )
                                                                   )
CRYSTALLEX INTERNATIONAL                                           )
CORPORATION,                                                       )
                                                                   )
                        Petitioner,                                )        Case No. 17 Civ. 7024 (VSB)
                                                                   )
For a Judgment Pursuant to Federal Rule of Civil                   )
Procedure 69, and CPLR 5225(b) and 5227, to                        )
Compel Payment of Money and Delivery of                            )
Property,                                                          )        **STIPULATION AND PROPOSED**
                                                                   )        **ORDER AND JUDGMENT**
                v.                                                 )
                                                                   )
THE BANK OF NEW YORK MELLON,                                       )
                                                                   )
                        Respondent,                                )
                                                                   )
                and                                                )
                                                                   )
THE MINISTRY OF DEFENSE OF THE                                     )
BOLIVARIAN REPUBLIC OF VENEZUELA,                                  )
                                                                   )
                        Proposed Intervenor-                       )
                        Respondent.                                )

---

WHEREAS, Petitioner Crystallex International Corporation ("Petitioner") filed its

Petition for Turnover Pursuant to Federal Rule of Civil Procedure 69 and CPLR 5225(b) and

5227 on September 14, 2017 (the "Petition") [ECF No. 1];

WHEREAS, the subject of the Petition is the funds in an account (the "Account")

established pursuant to a Trust Agreement (the "Trust Agreement"), dated June 17, 1997,

between The Bank of New York, as predecessor-in-interest to The Bank of New York Mellon, as

trustee ("Respondent") and The Republic of Venezuela, now known as The Bolivarian Republic

of Venezuela ("Venezuela");

WHEREAS, Article V of the Trust Agreement provides, in relevant part:

> Section 5.2    The duties, responsibilities and obligations of the
> Trustee shall be limited to those expressly set forth herein and no

duties, responsibilities or obligations shall be inferred or implied. … The Trustee shall not be required to, and shall not, expend or risk any of its own funds or otherwise incur any financial liability in the performance of any of its duties hereunder.

Section 5.3   If at any time the Trustee is served with any judicial or administrative order, judgment, decree, writ or other form of judicial or administrative process which in any way affects the Trust Funds (including but not limited to orders of attachment or garnishment or other forms of levies or injunctions or stays relating to the transfer of the Trust Funds), the Trustee shall promptly give notice thereof to the Republic, provided that the Trustee is authorized to comply therewith in any manner as it or its legal counsel of its own choosing deems appropriate; and if the Trustee complies with any such judicial or administrative order, judgment, decree, writ or other form of judicial or administrative process, the Trustee shall not be liable to any of the parties hereto or to any other person or entity even though such order, judgment, decree, writ or process may be subsequently modified or vacated or otherwise determined to have been without legal force or effect.

…

Section 5.7   The Republic shall be liable for and shall reimburse and indemnify the Trustee and hold it harmless from and against any and all claims, losses, liabilities, costs, damages or expenses (including reasonable attorneys' fees and expenses) (collectively, "Losses") arising from or in connection with or related to this Agreement or being Trustee hereunder (including but not limited to Losses incurred by the Trustee in connection with its successful defense, in whole or in part, of any claim of negligence or willful misconduct on its part), provided, however, that nothing contained herein shall require the Trustee to be indemnified for Losses caused by its negligence or willful misconduct.

WHEREAS, Petitioner holds a judgment of approximately $1.4 billion against Venezuela, which judgment has been registered with the United States District Court for the Southern District of New York;

WHEREAS, Proposed Intervenor The Ministry of Defense of the Bolivarian Republic of Venezuela (the "Ministry") filed a Motion to Intervene and Dismiss the Petition, or Alternatively

Transfer Venue, on October 13, 2017 [ECF No. 12], and filed an amended motion on October

16, 2017 (the "Motion") [ECF No. 17];

WHEREAS, the Ministry no longer intends to oppose Crystallex's Petition;

WHEREAS, Huntington Ingalls Industries ("Ingalls") is the only other entity known to

have claimed an interest in the funds in the Account in any court;

WHEREAS, the Account is subject to a preliminary injunction issued by the United

States District Court for the Southern District of Mississippi (the "Preliminary Injunction") in an

action between Ingalls and the Ministry currently pending in that court with civil action number

1:02cv785 (the "Mississippi Action");

WHEREAS, the Preliminary Injunction enjoins Respondent from "transferring, or

allowing to be transferred, any funds from the" Account "for any purposes other than to pay

Ingalls in accordance with" the Trust Agreement, and Respondent continues to hold the Account

funds subject to and in accordance with the Preliminary Injunction;

WHEREAS, Petitioner and Ingalls have entered into a settlement in regards to their

respective rights in the Account, pursuant to which Ingalls has agreed that, should this Court

resolve the Petition in Petitioner's favor, Ingalls will seek the vacatur of the Preliminary

Injunction, that, upon turnover of the funds, Respondent shall have no present or future

obligations, liabilities or indebtedness to Ingalls under, in connection with, or relating to the

Account, and that Ingalls shall waive the trust claims currently asserted in the Mississippi

Action;

WHEREAS, Petitioner seeks an order in the instant proceeding granting the Petition

subject to the lifting of the Preliminary Injunction in the Mississippi Action and the subsequent

dismissal with prejudice of Respondent from the Mississippi Action;

WHEREAS, absent the lifting of the Preliminary Injunction, Respondent is prohibited from making any distribution to any party;

WHEREAS, Respondent's interests in this proceeding and the Mississippi Action are limited to performing its limited duties under the Trust Agreement; avoiding being the subject of orders issued by the Southern District of Mississippi and the Southern District of New York that impose conflicting duties on Respondent; and receiving payment of its fees and expenses from the Account funds, in accordance with the Trust Agreement and applicable law;

WHEREAS, subject to the preceding paragraph, Respondent asserts no claim to the Account or the funds therein;

WHEREAS, the current balance of the Account is $43,675,371.10;

WHEREAS, Petitioner has agreed that it will not seek to enforce any order granting the Petition in its favor until such time as Ingalls's motion to vacate the Preliminary Injunction in the Mississippi Action is granted;

WHEREAS, Petitioner agrees that upon entry of judgment pursuant to this Stipulation and Proposed Order and Judgment, the levy on Respondent (the "Levy"), dated August 3, 2017, pursuant to the Writ of Execution issued out of the action captioned *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-205 (VEC), in this Court, dated July 26, 2017, shall be deemed satisfied, Petitioner will take no further action against Respondent with respect to the Levy against the Account or the funds therein, and Petitioner will take any necessary actions to cause the United States Marshals Office to withdraw, remove, or otherwise relinquish the Levy on Respondent; and

WHEREAS, an order (i) granting the Petition subject to the lifting of the Preliminary Injunction in the Mississippi Action and (ii) affirming Respondent's rights to fees and expenses

under the Trust Agreement and applicable law, should resolve all current issues between Petitioner and Respondent.

**NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys, subject to the approval of the Court, that:

1.      Respondent may recover against the Account and the funds contained therein its reasonable legal fees and expenses, in the amount of $428,429.35;

2.      The $43,246,941.75 remaining in the Account following the payment of Respondent's reasonable legal fees and expenses shall, pursuant to CPLR 5225, CPLR 5227 and CPLR 5239, be turned over to Petitioner in partial satisfaction of its judgment against judgment debtor Venezuela;

3.      Such turnover shall be contingent upon the vacatur of the preliminary injunction currently pending in the United States District Court for the Southern District of Mississippi;

4.      Upon the filing of the motion to vacate the Preliminary Injunction in a form reasonably acceptable to the Respondent and the vacatur of the Preliminary Injunction in the Mississippi Action, Respondent shall disburse the funds remaining in the Account to Petitioner and any remaining claims against Respondent, including any claims relating to the Trust Agreement or the Account, shall be dismissed with prejudice;

5.      Upon completion of Respondent's transfer of the funds from the Account to Petitioner, the Respondent shall be, pursuant to CPLR 5209, discharged from any liability with respect to the payment of funds in the Account or any claims to the funds therein under the Trust Agreement that may be brought by Petitioner Crystallex International Corporation, Judgment Debtor the Bolivarian Republic of Venezuela, Proposed Intervenor the Ministry of Defense of

the Bolivarian Republic of Venezuela, and any other claims relating to the Trust Agreement or

the Account or the funds therein that may be asserted by any other party shall be forever barred;

6.      Upon completion of the transfer of funds from the Account to Crystallex, this

Petition shall be dismissed with prejudice, and

7.      This Stipulation may be executed in counterparts; facsimile and PDF signatures

shall be deemed originals for all purposes.


*[Remainder of page intentionally left blank.]*
*[Signature page follows.]*

Dated: New York, New York
    March // 2018

GIBSON, DUNN & CRUTCHER, LLP

_____
  Robert Weigel
  Jason W. Myatt
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-4000
Fax: (212) 351-4035
rweigel@gibsondunn.com
jmyatt@gibsondunn.com

*Attorneys for Petitioner Crystallex
International Corporation*

GST LLP

_____
  Mauricio Gomm
  Rodney Quinn Smith, II (*pro hac* pending)
175 S.W. 7th Street, Suite 2110
Miami, Florida 33130
Tel.: (305) 856-7723
Fax.: (786) 220-8265
mauricio.gomm@gstllp.com
Quinn.smith@gstllp.com

*Attorneys for Proposed Intervenor The
Ministry of Defense of the Bolivarian Republic
of Venezuela and the Bolivarian Republic of
Venezuela*

REED SMITH, LLP

_____
  Eric A. Schaffer
  C. Neil Gray
599 Lexington Avenue
New York, NY 10022
Tel.: (212) 521-5400
Fax.: (212) 521-5450
eschaffer@reedsmith.com
eschaffer@reedsmithg.com

*Attorneys for Respondent The Bank of New
York Mellon*

**SO ORDERED:**

_____      Date: _____4/2/2018_____
Vernon S. Broderick
United States District Judge          - 7 -

Dated: New York, New York
        March __, 2018

GIBSON, DUNN & CRUTCHER, LLP          REED SMITH, LLP

_____     *C. Neil Gray*

_____     _____
  Robert Weigel                          Eric A. Schaffer
  Jason W. Myatt                          C. Neil Gray
200 Park Avenue                        599 Lexington Avenue
New York, NY 10166                     New York, NY 10022
Tel.: (212) 351-4000                   Tel.: (212) 521-5400
Fax: (212) 351-4035                    Fax.: (212) 521-5450
rweigel@gibsondunn.com                 eschaffer@reedsmith.com
jmyatt@gibsondunn.com                  eschaffer@reedsmithg.com

*Attorneys for Petitioner Crystallex*   *Attorneys for Respondent The Bank of New*
*International Corporation*              *York Mellon*

GST LLP


_____
  Mauricio Gomm
  Rodney Quinn Smith, II (*pro hac* pending)
175 S.W. 7th Street, Suite 2110
Miami, Florida 33130
Tel.: (305) 856-7723
Fax.: (786) 220-8265
mauricio.gomm@gstllp.com
Quinn.smith@gstllp.com

*Attorneys for Proposed Intervenor The*
*Ministry of Defense of the Bolivarian Republic*
*of Venezuela and the Bolivarian Republic of*
*Venezuela*


**SO ORDERED:**


_____     Date:_____
Vernon S. Broderick
United States District Judge

- 7 -